5-5-3. Perfectly incorporated by the City of East Providence. Thank you. Alright, thanks. May it please the Court. My name is David Bramer for the appellant, Perfect Puppy, Inc. I'd like to reserve three minutes for rebuttal, please. Yes. Your Honors, when the government takes private property by a legislative act rather than by the administration or enforcement or interpretation of a law, it is liable for a facial taking, and it's appropriate for a court to declare that the law takes private property without just compensation, and that is the situation that you are dealing with here. Counsel, I'm not sure what you mean by a facial taking. Do you mean that there's a per se taking? Well, I mean, I do mean there's a per se. That's the substantive merit standard for what they're taking. When you say there's a facial, normally we think of facial challenges as challenges to statutes or ordinances, and you would get a facial challenge if you looked at an ordinance, such as the ordinance here, and the ordinance was unconstitutional in all of its applications, any application that the most inventive mind could think of. Well, you certainly can't do that here. I understand per se taking law, and if that's what you mean by a facial taking, that's one thing. No. The standard in the takings context, Salerno has never been applied in the takings context. The standard in the takings context is whether the enactment of the law has taken the plaintiff's private property. If you look at Tahoe Sierra, if you look at Keystone, if you look at this court's decision in Philip Morris, the question is simply whether the pure enactment, rather than the administration or enforcement. For instance, if we had had a cis or deceased order, cis and deceased order, something like that, an administrative decision, that would be as applied, but in the takings context, you simply ask whether you look at whether the law itself and nothing beyond that has taken the plaintiff's private property. But that's what I've always called a per se taking. I've just never heard the – until I read your brief, I've never heard the terminology facial taking. Well, it doesn't come up all the time, Your Honor, it's true, but it has come up in this court in several cases, and the Supreme Court has litigated facial takings, for instance, again, in Keystone and Tahoe Sierra. Using the terminology facial taking? Yes, Your Honor. Okay. Yes, Your Honor. All right. Let's move on, all right? I didn't see any such claim made in the district court. Well, we argued in the district court that the enactment of the law had caused a taking. There's really no – No, you didn't argue that. There's one sentence in a lengthy memorandum that can be construed as arguing that, but there was no developed argumentation to that effect before Judge Smith. Well, I believe that in both the complaint and in the briefing, it was argued that the enactment of the law caused a taking, and that is the facial taking standard. Again, if you look at the cases, at the standards, it says a facial taking exists when the enactment of a law takes private property. So that's what we argued. But that's a different question than whether you raised it below. That is true, but the district court also addressed that issue, and we're permitted to appeal any issue that's addressed. That's fairly a standard procedure that if the court goes on to address something, we have a right to appeal that ruling, and it addressed the facial takings claim and said wrongly that there was no takings claim here. The city ordinance has destroyed my client's business. At the moment it enacted the law banning pet sales, my client's preexisting business and the lease and license upon which it had opened that business were instantly destroyed, and what we're saying is in that instance, the law itself, because the enactment of it took the private property, that's a basic facial takings claim. The district court addressed it, and we're asking this court to address it as well. I don't understand how this works, because on that basis there really is no difference between that and an as applied challenge. You can't make a claim that the very enactment took this property without looking to the individual facts and circumstances. That's true. You can't look at any takings claim. But that's unlike a case where a municipality or a state passes a law that says this property located in this area cannot be used for anything except open space. A facial takings claim always looks at the facts of the plaintiff's property because the takings claim by its nature has to look at some property. Again, if you look at Keystone, if you look at this court's decision of Philip Morris, if you look at Ta-Osirah, the courts are always looking and deciding whether a facial claim has occurred, whether that law has taken property, whether the enactment of the law has taken property. In an as applied challenge, a typical as applied challenge, you're often looking beyond the face of the law to decide if it's taken. As I said, administration, enforcement, interpretations. So in a typical land use case, you're not asking whether the zoning restriction caused the taking. You're asking whether the application of that restriction through the administrative process. In this case, wouldn't we have to look at the lease and the license in order to reach that conclusion? To me, I have to admit, that sounds more like an as applied challenge to me as well. Not on the law side of it, but on the circumstances of your client. Right, and I understand that. And I understand there is some lack of clarity in takings law about the line between a facial and as applied claims. I would just ask your honors to go back and look at the case and then see what the courts have done, including this court and Philip Morris, whether they're considering the facts of the plaintiffs, particularly the plaintiff's property and ownership, in deciding whether the enactment of law has taken that law. Okay, so if we get that far, how can it be said that your lease and your license are going to lose all their beneficial value? Well, the license was for this shop that was destroyed by the enactment of this law. I thought it was for a pet store. It's for a pet store, which we applied for a puppy sales store. We didn't get a license for to sell birds. We got a license to sell puppies. That's what we applied for. So I know that our actual application is not in the record, but if that's an issue, then that's a factual issue that wouldn't warrant summary judgment for the other side. So the state license that was granted was limited in that? Yes, because we applied for that particular. That's what we got the license for. We didn't apply to sell fishes. We applied to sell puppies. Is the license itself in the record? Yes, Your Honor. The license is in the record. The lease is in the record. As for the lease, Judge Allen. What does the license say, the one that's in the record? The license says pet shop, but we were granted that license after going through an application process in which we had to state what we were going to do, what kind of shop are we going to open. So we applied to sell purebred puppies. So the license is limited to that? Yes, because they can't grant a license for something we didn't apply for. But they granted you a license to run a pet shop. I mean, this gets back to the fact that I'm skeptical about whether this claim was raised below, but if I have a state license to run a pet shop, regardless of what was in my application, if there are no limitations on that license, I can sell birds. I may not want to sell birds, but I can. I would be very reluctant to advise my client to open a shop. They're highly regulated, and if you start selling things that you're not permitted to sell, that you haven't applied to sell- But a pet shop license in Rhode Island permits you to sell certain things. There's a laundry list of things, all right? It's not limited to puppies. The state could issue a pet shop license limited to puppies, I suppose. Well, I guess I'm going to have to disagree. In this case, what we applied for was to sell puppies, not to sell anything else. So, again, if that's a factual issue, we'll have to go back because we're on summary judgment proceedings. If I could turn to the- Well, why do we have to go back? We're on summary judgment, and if it's not in the record, facts helpful to you. If they're not in the record, we don't have to go back. You lose. No, I would say- That's why you've got a burden on summary judgment to put your best foot forward and to put into the record the facts that help you. If you say there's some limitation to this license not apparent on its face, all right, you had an obligation to put that in before the district court at the summary judgment stage. Well, we did put in the lease as well, Your Honor, and even if you conclude that there's not enough to say that the license was destroyed, the lease was certainly destroyed since it was for a puppy business, and at the time of the enactment of the ordinance, that lease became useless and worthless, and my client had to move out after starting a business under preexisting law which allowed this business. On the as-applied claim, Your Honor- Before you get anywhere into the as-applied claim, all right, my first question is do we have jurisdiction over that claim? Absolutely. Twenty-eight U.S.C. 1447D and a long line of Supreme Court cases tell us that we have no jurisdiction to consider remand orders, and the district court did not dismiss the as-applied claim here. Chief Judge Smith remanded it to the state court. Three reasons why 1447C and D do not apply to this takings claim. First of all, the remanded takings claim, 1447D, applies only when you have an improper removal and the court remands the case for lack of subject matter. In this case- But the district court did decide that. The district court decided because the takings claim is not exhausted in pursuance of Williamson County, a federal court lacks jurisdiction to consider it, and I'm going to give the plaintiff a break and remand this to the state court instead of dismissing it and forcing the plaintiff to start a new action in the state court. The takings claim, Your Honor, was not removed. It was never removed. No, no, no, no, but the action was removed. But the takings claim wasn't a part of that action. I know, but it became a part of the action because you made it a part of the action, and the district remand jurisdiction and remand jurisprudence doesn't work on the basis of claims. It works on the basis of actions. The district court can't say, oh, there are three claims in this action. I'll remand two of them and keep one. It doesn't work that way. If we're going to consider the takings claim that was never removed to be remanded under a removal statute, which I don't think is proper, I would just say this. Also, the court had jurisdiction over the case. It wasn't improperly moved, so Section 1447D is not going to apply. And the district court didn't remand the case. If you look at the terms of the statute, it applies when a case is improperly removed and remanded for lack of subject matter. The case here wasn't remanded. The claim here wasn't removed, and the court had subject matter. We're under a different remand situation. If you look at cases like Thurmton, 423 U.S. 336, and Bogle, that's a Fifth Circuit case, 24F3D 758. You will see that it doesn't apply. Are those cases in your briefing? No, because it's in your briefing. I suggest you supply them by a 28-J letter. I'll be happy to do that, Your Honor. Thank you. Good morning. Chief Judge Howard, Judge Thompson, and Judge Scalia, I am Mark DeSisto for the defendant, half-L.E., East Providence. Seated with me and who has helped all along is Timothy Chapman. He's a solicitor for the city of East Providence. And, Mr. DeSisto, can I ask you to start where we started with your brother? Was the, what is being termed, the facial challenge, was that challenge raised in the district court? It was not raised in the district court, Your Honor, and that's the cardinal rule and the deep trouble that you mentioned a couple of cases ago. As you know, I listen to you very carefully. Well, you're part of a very elite minority. And happy to be so. It's not just the defendant, half-L.E., saying that. In fact, Chief Judge Smith said that. He dedicated one footnote to saying you haven't brought a per se takings claim. You haven't brought a facial claim. If you had, you wouldn't reach the merits on that anyway. And he goes on to distinguish why the lease was restrictive based on the plaintiff's negotiation with the landlord. And so that doesn't count. And he, Chief Judge Smith, mentions that the license itself is for a pet shop and doesn't ban sales of, I think he used, doggy supplies or puppy supplies and things like that. But the fact of the matter is, here we have, it's not just the defendant, half-L.E., saying you've waived that argument. Judge Smith is telling this court they've waived that argument. And I might say also the appellant never identified the state license as a property interest. That's another waiver. So I think the facial part of this case ends at that point. I'm hoping that this court will focus on the as-applied case, even though I think 1447 now applies, thanks to amicus. Yeah, you understand that that's not optional on our part. We don't have jurisdiction. We don't have jurisdiction. Yes. And so the nature, the way you said that, Mr. DeSisto, makes me question what your views really are as to whether we have jurisdiction. You do have, you do not have jurisdiction. I've read the case law that says even if the lower court is erroneous, if it bases it on subject matter jurisdiction, we're out. But if I could plead with this court, I read the San Remo case, and I read the last paragraph of the concurring opinion by Judge Rehnquist, where he states that he believes the court should reconsider those two elements in Williamson County. But he says we don't have the proper case for it. And perhaps there may be another case that comes along. I think this case begs for that. I cannot believe that the as-applied takings requirements under Williamson County, the two requirements, finality and, most important, seeking compensation in the state court, should be overruled. And I would, I'm asking this court to look at that. I mean, in all due respect, the appellant who's asking a lot isn't asking us to overrule Williamson County. I would be a happy man if I had the authority to overrule Supreme Court cases. But I don't. What he is saying is that the Williamson County standard should not be applied mechanically. That the lower federal courts have some discretion to excuse compliance with Williamson County. And that's true, that there have been a couple of cases that have excused it in circumstances very different than this circumstance. That's correct. So that's the argument. What he's saying is it's a prudential decision rather than a jurisdictional decision. And I find it so fascinating because this court is uniquely qualified, based on its prior decisions, to put to rest that argument. This court, in the Flores-Galarza case in 2007, teetered on whether or not it should change or revise that standard. And Chief Judge Howard then wrote a concurring opinion, which said, if you'll excuse my paraphrasing, hold on. We're not going to do that. We're going to stick with Williamson. And then later, in Downing Salt v. State, First Circuit, we're going to stick with Williamson. And, Your Honor, Judge Selle in the Merritt case, 2012. Now, I have to put those cases next to three. He put them next to Horn v. Department of Agriculture, U.S. Supreme Court, 2013. Yes, Your Honor. Okay. One sentence. One sentence. That says? That says, in effect, the cause of action, it cites it as prudential ripeness and it's not strictly speaking jurisdictional. So what do we do with that? Here's what you do with it. I think. You've already addressed these passing one-sentence references in the Supreme Court. It was in Sudam, it started in 1997, where Judge Suder said that these were prudential requirements. You knew that, Your Honor, when you wrote your concurring opinion. I wouldn't place money on that. Well, I'm – It was available. Yes. And then along in 2010 – Productive knowledge. Along in 2010 comes Stop the Beach with Judge Scalia, who says, look, these arguments aren't jurisdictional. Mr. DeSisto, that's the third time you've referred to a Supreme Court justice as judge. Yes. For your own sake, don't do it. Justice. There's a difference. Justice. We are judges. They are justices. They're right. In fact, some people say the only justice is in the Supreme Court, not here. I agree, and I apologize. I'm just – I'm very nervous here. So – but if I can – For the benefit of my colleagues, this is how you want the argument to go. But I want to talk about Stop the Beach because Justice Scalia says in his decision, again, one sentence that they didn't object to this, but in any event, the argument is not jurisdictional. So we have three United States Supreme Court cases that devote one sentence to changing Williamson County, and yet this circuit, in its decisions, the three I mentioned and one other, the PASCO, has uniformly said, no, look, look, we've got to stick with Williamson County. And so, Chief Judge Howard, you ask a good question. What should we do with it? I think this court should devote some time in the decision, if you can, even though you really don't have jurisdiction over the appeal, to reaffirming Williamson County. There are good reasons that Williamson County has those two requirements, and I would ask this court to look at your prior decisions and to not – I call it, with respect, passing references to what that standard is in the United States Supreme Court, not to allow those passing references to overturn what I think is a good decision in Williamson County. If I may, I'd like to go over just the reason for that and then ask the court if you have any questions. The reason – In addressing the reason for that, could you address their argument that, given the wonderful advocacy you've done to make sure that they don't get compensation, that it's futile? Well – A waste of resources to not simply have us decide it here. Well, I – you know, you've hit the issue. I do want you to decide it, but on the other hand, I'm here to advocate for my client, and I think they have – on the as-applied issue here, that's not appealable because it's a remand. There are cases that say that, as I've mentioned. If there's a facial taking, that is a de novo hearing. Ripeness is not required there. But the problem, Your Honor, is that they've waived it by not raising it, and it's very unfair to this circuit, and it would be very unfair to the chief judge, to go through the analysis when the lower court never had the opportunity to address that. So for those reasons, as an advocate for my client, I have to argue that the case should be decided on those two grounds. You've indulged me because I really think that the Williamson County case deserves a second look, but reaffirming it, and I'm asking this court to do it, and I think that because I do believe that these takings cases should first be decided in the state court, that they're more equipped to do that, and they should be there first, as Williamson said, and then we should go on from there. Unless there are any questions, I've argued to where I can take any questions. Thank you. Thank you, Your Honor. Thank you, Your Honors. I want to deal with this jurisdictional question real quickly one more time, the 1447D removal remand question. Because I think we're on a cusp of a mistake here. In this case, the case was not remanded. What was left of the case was remanded. The district court dismissed the case except for the as-applied claim, and then remanded what was left of the case. So I'm glad we understand what happened the same way. However, in 1447D, that barrier to appellate jurisdiction applies to a remand order after a case is sent back for lack of subject matter. In this case, the case was not sent back, and even if you could treat one claim, the takings claim here, as a case, it wouldn't fall under 1447D because I have a question about that. I thought I heard your brother counsel suggest that the cases say that if the district court thought it was a remand for lack of jurisdiction, for lack of subject matter jurisdiction, that we were bound by that assessment. And I don't understand that to be the law. Can you enlighten me on that? No, I don't agree with it. I refer to Carlsbad in the Supreme Court, which says we are not bound by the district court's assessment of its own order as being based on subject matter jurisdiction. And I would agree with that. I would just say that it goes even farther than that in this particular case because this takings claim wasn't remanded after removal. It wasn't removed. So whatever remand happened here, and a remand did happen, that was under some other authority. And then when you have a different type of remand that doesn't fall under 1447C and D, you are allowed to review it at the appellate level. And so that claim, the as-applied claim, is before you on the issue of whether it was. Can you clear up another piece of confusion for me? I wonder what is the sum and substance of all of this, even if it's prudential. The lessons of Williamson County still exist, don't they? What would be wrong with the remand? Well, I think the lessons have changed. The lessons have changed. Williamson County never made that much sense, but it certainly doesn't make sense in this type of case when we brought the case. But we're bound by it. Well, actually, you're not bound as a jurisdictional matter to apply it mechanically. It's prudential, and there's no good reason for sending this starting over in state court when they brought the case out of state court into federal court. We amended that out-of-takings claim. The district court showed that it's capable of applying takings law. So it's pointless and a waste of time to do this back-and-forth dance to try and get a merits heard. And there's no surprise about what this claim is about. They passed a law. It destroyed our business. That's a taking. Take another minute. You actually had some points that you wanted to make. I want to just make the—I made most of them on the prudential argument. Again, this court, it's not a strict requirement any longer. There's got to be some reason why we want to make state courts do something that the federal courts can do when the case is crystallized. This case is crystallized. Everybody knows, including the lower court judge and the opposing counsel, everybody knows what we're claiming, that this law took the property. There's no offer of compensation. There's no mechanism for compensation. The law is final. Our business is destroyed. It's concrete. And the law, since Williamson County, says the courts can address this. And I believe I've cited a number of cases in there where this has happened. Thank you. Thank you. All rise. The vote gets three pieces.